**UNITED STATES of America**

v.

**Darion BURGESS.**

**Crim. No. 85–00007–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 21, 1985.

Gregory Welsh, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Jeffrey L. Everhart, Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

■ This is an appeal to the district court from a misdemeanor conviction before the United States Magistrate. In an order dated 25 January 1985 this Court cited Fed.R.App.P. 16 as being the rule that controls the procedure to be followed and the composition of the record on review of a magistrate's conviction. After further research I am convinced that the Federal Rules of Appellate Procedure do not control appeals to the district court of a misdemeanor conviction before a magistrate.

18 U.S.C. § 3402 provides:

In all cases of conviction by a United States magistrate an appeal of right shall lie from the judgment of the magistrate to a judge of the district court of the district in which the offense was committed.

The Supreme Court shall prescribe the rules of procedure and practice for the trial of cases before magistrates and for taking and hearing of appeals to the judges of district courts to the United States.

Pursuant to the authority granted the Supreme Court under 18 U.S.C. § 3402, the Supreme Court on 1 June 1980 issued Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates (Rules of Procedure for the Trial of Misdemeanors). Rule 1 of the Rules of Procedure for the Trial of Misdemeanors, in defining the scope of the rules, provides that the "rules govern the procedure and prac-

tice for the conduct of proceedings in misdemeanor cases, including petty offenses, before United States magistrates under 18 U.S.C. § 3401, and for appeals in such cases to judges of the district courts."

Rule 7(b) of the Rules of Procedure for the Trial of Misdemeanors states that:

An appeal from a judgment of conviction by a magistrate to a judge of the district court shall be taken within ten days after entry of the judgment. An appeal shall be taken by filing with the clerk of the district court a statement specifying the judgment from which an appeal is taken, and by serving a copy of the statement upon the United States Attorney, personally or by mail, and by filing a copy with the magistrate.

Rule 7(c) controls the composition of the record on appeal:

The record shall consist of the original papers and exhibits in the case together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries which shall be transmitted promptly by the magistrate to the clerk of the district court. For purposes of the appeal, a copy of the record of such proceedings shall be made available at the expense of the United States to a person who establishes by affidavit that he is unable to pay or give security therefor, and the expense of such copy shall be paid by the Director of the Administrative Office of the United States Courts.

Rule 7(e) states that "the defendant shall not be entitled to a trial *de novo* by a judge of the district court. The scope of the appeal shall be the same as on appeal from a judgment of a district court to a court of appeals."

Rules 1 and 7 of the Rules of Procedure for the Trial of Misdemeanors are the only provisions in those Rules that pertain to an appeal to the district court from a misdemeanor conviction in a magistrate's court. While Rules 1 and 7 establish the scope of appeal, the composition of the record, and the procedure and time limit for perfecting an appeal, neither of these provisions speci-

fy the briefing schedule to be followed in the district court for an appeal of this type.

Fed.R.App.P. 1, which defines the types of appeals governed by the Federal Rules of Appellate Procedure, provides:

These rules govern procedure in appeals to the United States courts of appeals from the United States district courts and the United States Tax Court; in proceedings in the courts of appeals for review or enforcement of orders of administrative agencies, boards, commissions and officers of the United States; and in applications for writs or other relief which a court of appeals or judge thereof is competent to give. When these rules provide for the making of a motion or application in the district court, the procedure for making such motion or application shall be in accordance with the practice of the district court.

Because appeals to the district court from magistrates' convictions of misdemeanor offenses are not included in the comprehensive list defining the scope of the Federal Rules of Appellate Procedure contained in Fed.R.App.P. 1, I conclude that the Federal Rules of Appellate Procedure are not intended to govern, from a procedural standpoint, appeals of this type.

Also, Fed.R.App.P. 16, the rule cited in my order of 25 January, is not an exception to the reach of Rule 1. Rule 16 is contained in Title 4 of the Federal Rules of Appellate Procedure. Title 4 is entitled "Review and Enforcement of Orders of Administrative Agencies, Boards, Commissions and Officers." The magistrate's court is none of these. Indeed it is not analogous to any of these.

The Local Rules for the United States District Court for the Eastern District of Virginia provide no guidance as to the procedures to be followed by the district court in hearing appeals from misdemeanor convictions. Although a part of Appendix B of the Local Rules is applicable to trials of minor offenses before magistrates, see Appendix B § 10, nothing in Appendix B or elsewhere deals with the procedures to be used when a misdemeanor conviction is appealed to a district court.

■ Having exhausted all other sources, I turn reluctantly to the most nearly analogous rules of procedure, being the rules of procedure for the appeal of a criminal case from a United States district court to a United States court of appeals. See, *e.g.*, Fed.R.App.P. 3, 4(b), 8(c), 9–12. I am reluctant to use these rules as a guide since they were drawn to deal with a much more weighty and serious type of appeal—the appeal of a felony conviction. Such an appeal to a three-judge panel, when incarceration up to and including life imprisonment may hang in the balance, quite properly involves a time-consuming and relatively expensive process. Such is not only not necessary, it is clearly not desirable in the appeal of a misdemeanor conviction from a magistrate's court. Accordingly, I cannot accept as appropriate all the steps, proceedings, time limits, and requirements involved in a felony appeal from a district court as the proper guide.

Although I now realize the error of citing Rule 16 of the Federal Rules of Appellate Procedure in the 25 January order controlling the briefing schedule in this case, the order will not be vacated. As to this case the too lengthy briefing schedule will remain in effect. To alter it would be more troublesome than helpful. However, I will henceforth set a schedule intended to reach decisions in a more expeditious and less expensive manner. Accordingly, until the federal rules or the local rules may be amended, I will require when the notice of appeal is filed with this Court, the Clerk of the District Court shall notify appellant and the U.S. Attorney that appellant's grounds of appeal and brief in support thereof must be filed in this Court within ten days of the filing of the notice of appeal; that the United States must file its reply brief within ten days thereafter; and that appellant must file his rebuttal within five days after service of the brief of the United States. If the Court desires oral argument, the parties will be contacted to secure a mutually agreeable time.

If it be essential to the contentions of either party on appeal that a transcript of proceedings before the magistrate be prepared in whole or in part, the party desiring the transcript must make the necessary arrangements. See Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates 7(c) (procedure to be followed by indigent to secure transcript at government's expense.) If necessary, the briefing schedule may be delayed, on motion, to provide time to prepare the transcript.

And it is so ORDERED.